UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-387-KSF

CHICAGO INSURANCE COMPANY                                                PLAINTIFF

vs.                                    **OPINION AND ORDER**

LARRY LAMMERS, et al.                                                    DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the Motion of Plaintiff Chicago Insurance Company ("Chicago") to construe a letter from Defendant Larry Lammers ("Lammers") as his Answer [DE #13]. Although the parties have not raised the issue of jurisdiction over this declaratory judgment action, "federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 890 (6th Cir. 1998).

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Chicago filed this declaratory judgment action claiming that it has no duty to defend or indemnify defendant Larry Lammers in six separate state-court tort actions. The sole jurisdictional basis alleged is diversity. Chicago's Complaint is based entirely on state, not federal, law. The defendants in this action are Lammers and the plaintiffs in the state-court actions ("State-Court Plaintiffs"). The other defendants in the state-court actions have not been joined in this action.

According to Chicago's Complaint, the six State-Court Plaintiffs all claim to have received injury treatment from Lammers while he was working at the Accident Injury Medical Centers ("AIMC") in Fayette and Pulaski counties in Kentucky. AIMC represented that it had physicians on staff. The State-Court Plaintiffs claim that Lammers himself and AIMC staff referred to him as "Dr. Lammers," although he was not a licensed physician. All of the state court actions center on claims

of unlicensed practice of medicine. The State-Court Plaintiffs also assert various claims of fraud, gross negligence, outrageous conduct, battery, and the like. Other defendants in the state-court actions include AIMC, its alleged owners, and certain personnel associated with AIMC.

In May 2003, Chicago issued a student liability insurance policy for activities as a "Student Medical Assistant" to Lammers, who said he was enrolled at the St. Luke School of Medicine. In a recorded statement attached to Chicago's Complaint, Lammers said he filled out the insurance application, sent it to St. Luke, and the school administrative director paid for the policy [DE #1, Exhibit C, p. 10]. He said, however, the completed insurance application form shown to him did not contain his handwriting or signature [DE #1, Exhibit C, pp. 10-12]. Chicago alleges it has no duties to Lammers in that he was not enrolled in a bona fide school, since "St. Luke has been infamous for being a 'diploma mill' that provides 'sham' on-line medical degrees" [Complaint ¶¶ 20, 55]. It further claims that Lammers did not complete the insurance application, and his signature was a forgery [*Id*. ¶ 56]. Based on these same facts, Chicago claims it is entitled to rescind the policy due to the material misrepresentations [Count II]. With respect to each of the state-court actions, Chicago alleges that there is no coverage under the policy because Lammers was not acting as a "Student Medical Assistant," but instead was engaging in intentional fraud and practicing medicine without a license in violation of Kentucky law [Counts III, IV, VI, VII, IX, X, XII, XIII, XV, XVI, XVIII, XIX]. One count for each of the State-Court Plaintiffs also alleges a lack of coverage for the state-court action based on breaches of policy conditions, such as untimely notice of the claims.

## II.     ANALYSIS

### A.     Declaratory Judgment Actions

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). Concerns

regarding the functions and extent of federal judicial power "are heightened where, as in *Wilton*, there are pending state-court proceedings representing the same issues of state law; 'a district court might be indulging in "gratuitous interference" if it permitted the federal declaratory action to proceed.'" *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004)(quoting *Wilton*, 515 U.S. at 283).

The Sixth Circuit adopted a five-factor test to decide whether a district court should exercise jurisdiction over a declaratory judgment:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective.

*Id.* at 785, citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

### B. Propriety of Declaratory Judgment Relief in this Case

#### 1. *Whether the judgment would settle the controversy*

The controversy in this case is an issue of insurance coverage. Chicago seeks a declaration that it is not obligated to defend or indemnify Lammers based on exclusions in its policy. The principal reason cited for a lack of coverage, according to Chicago's Complaint, is that Lammers engaged in the unauthorized practice of medicine, a fact-based issue that is the crux of each of the State-Court Plaintiffs' actions. Thus, a decision by this Court on whether Lammers engaged in the unauthorized practice of medicine "creates a potential conflict with the state court on a question of state law. ... Rather than settling the issues presented in the litigation, dual

3

decisions are likely to simply confuse matters." *Omaha Property and Casualty Ins. Co. v. Johnson*, 923 F.2d 446, 448 (6th Cir. 1990).

In *Johnson*, the insured was a defendant in a state-court tort action based upon his unlicensed-driver son's auto accident. The insurer sought a declaration of rights in federal court denying coverage because "the son had no reasonable belief of his entitlement to use the car." *Id.* at 447. The state court left the fact questions regarding the father's liability for the jury, but the district court agreed with the insurance company and denied coverage. The Sixth Circuit reversed and remanded the case with instructions to dismiss the declaratory judgment complaint because of the potential conflict with the state court on a question of state law.

Similarly, the Sixth Circuit held that a district court abused its discretion by hearing a declaratory judgment case in which the insurance coverage issue turned on whether the driver of the sawmill truck was an employee of the sawmill, which was the same issue in two state court actions relating to the personal injury of the driver. *Bituminous Casualty Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 818 (6th Cir. 2004). *See also Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990).

While not all of the issues in the present state court and federal court actions are the same, the issue of whether Lammers was engaged in the unauthorized practice of medicine is a critical fact-based issue in both cases. The declaratory judgment action would resolve the issue of coverage between Chicago and Lammers and would be binding on the State-Court Plaintiffs as parties, but would do so only at the expense of a potential conflict with a state court decision on a question of state law. *See also Jordan Ice Co. Inc., v. Grange Mutual Cas. Co.*, 2006 WL 3497767 (E.D. Ky. 2006). Any decision by this Court on the issue of unauthorized practice of medicine would not be binding on the other state court defendants, as they are not parties here. A further expense of the exercise of jurisdiction is that the State-Court Plaintiffs would be forced to litigate a key issue in a federal forum, contrary to their choice of state court. By analogy to removal

jurisdiction, plaintiffs would thus become the "master of nothing," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987), rather than "the master of the claim." *Id.* at 392. Accordingly, this factor weighs against the exercise of jurisdiction by this Court.

>   2.  *Whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue.*

A declaratory judgment would clarify the legal relationship between Chicago and Lammers under the insurance contract. It would also be binding on the State-Court Plaintiffs. However, a favorable decision for the State-Court Plaintiffs on the underlying issue of unauthorized practice of medicine would not be binding on the state court defendants and could lead to inconsistent decisions by the federal and state courts. This factor, at best, is neutral on the issue of jurisdiction.

>   3.  *Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata."*

The timing of the declaratory judgment action, several years after the filing of the state court actions, does not suggest procedural fencing or a race for res judicata. Giving Chicago the benefit of the doubt at this early stage of the proceeding, this factor weighs in favor of exercising jurisdiction.

>   4.  *Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction.*

Determining whether there would be increased friction between federal and state courts involves consideration of three additional factors:

>   (1) whether the underlying factual issues are important to an informed resolution of the case;
>
>   (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
>   (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Johnson*, 373 F.3d at 814-815 (quoting *Scottsdale*, 211 F.3d at 968). These factors all weigh very heavily against exercising jurisdiction over the declaratory judgment action. Chicago's Complaint

5

devotes far more than the majority of its 210 paragraphs to allegations regarding the unlicensed practice of medicine by Lammers and why such practice results in a lack of coverage under a variety of policy exclusions. The underlying factual issues regarding whether, or to what extent, Lammers may have engaged in such practice are the crux of Chicago's claim that it has no duty to defend or indemnify. Thus, these factual issues are important to an informed resolution of the case. Second, the issue of unlicensed practice of medicine and "the issue of the insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve." *Bituminous*, 373 F.3d at 815. "The states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990). Third, neither federal common law nor federal statutory law apply to the substantive issues here; instead, jurisdiction is based only on diversity. The extensive state regulation of the practice of medicine and of insurance companies reflect important state public policy concerns that are best addressed by the state courts under the circumstances. Additionally, the same underlying factual issues are the foundation of the state court actions. Thus, two different courts would be deciding the same state-law issues and potentially reaching inconsistent results. All three of the *Scottsdale* factors indicate that the potential for friction with the state court and improper encroachment on state jurisdiction is too great.

        5.    *Whether there is an alternative remedy that is better or more effective.*

Kentucky authorizes state court actions for a declaration of rights. KRS § 418.040 provides: "In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights ... and the court may make a binding declaration of rights...." Accordingly, Chicago may present its case to the same state courts that will be deciding the underlying actions and avoid any friction

6

or duplicative litigation based on the same underlying facts. Thus, this remedy is better than proceeding in federal court. There is no reason to suggest that this alternative state court remedy would not adequately protect Chicago's interests. "We also question the need for such declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner." *American Home Assur. Co. v. Evans*, 791 F.2d 61, 63 (6th Cir. 1986). This factor weighs against the exercise of jurisdiction by this Court.

### III. CONCLUSION

This Court finds that at least three of the five factors show that exercise of jurisdiction would not be appropriate in this case. The present case bears a strong similarity to the situations in *Mercier*, *Johnson,* and *Bituminous.* Just as it was improper for the federal court to exercise jurisdiction in those cases, it appears equally improper here. The Court having considered the record herein and otherwise being sufficiently advised,

**IT IS ORDERED**:

1. This action is **DISMISSED WITHOUT PREJUDICE AND SHALL BE STRICKEN FROM THE ACTIVE DOCKET**; and

2. Plaintiff's Motion to Construe Letter as Answer [DE #13] is **DENIED AS MOOT**.

This April 27, 2007.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**