UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-387-KSF

CHICAGO INSURANCE COMPANY                                                                PLAINTIFF

vs.                                           **OPINION AND ORDER**

LARRY LAMMERS, et al.                                                                    DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the Motion [DE #26] of Plaintiff Chicago Insurance Company to reconsider the Court's April 27, 2007, Opinion and Order dismissing this action without prejudice. Plaintiff having filed a supplemental response [DE #28], and the Court having considered same, this motion is ripe for review.

Plaintiff moves this court to reconsider its prior opinion declining to exercise its discretionary jurisdiction. In support, Plaintiff contends that this Court misapplied the factors relevant to the exercise of jurisdiction because the court failed to appreciate that the federal court parties do not dispute the underlying factual and legal issues – the nature of Lammers' conduct – that are necessary to determine whether there is insurance coverage. DE # 28, pp. 3-5. Indeed, Plaintiff notes that it took the facts for this declaratory judgment action from the Defendants' state court complaints, so there is no dispute in this Court that Lammers committed fraud, violated state laws regarding the unauthorized practice of medicine and consumer protection and committed intentional torts against the Defendants. *Id*., pp. 1-2. Accordingly, Plaintiff claims there is no friction between the state and federal courts. *Id*., pp. 5-7.

Had Plaintiff demonstrated that all the state court parties conceded Lammers' conduct was fraudulent, violated state laws, and involved intentional torts against Defendants, Plaintiff's

argument regarding the absence of state/federal court friction may have been persuasive. A federal court determination of insurance coverage and duty to defend based on state court stipulations regarding the nature of Lammers' conduct would not interfere with or be inconsistent with the state court decisions based on those stipulations. That was the exact scenario presented to the court in the case on which Plaintiff's rely, *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964 (6th Cir. 2000). The insurance company there sought to limit its liability in federal court based upon an endorsement regarding sexual misconduct. The Sixth Circuit said:

> [L]iability was stipulated in state court, indicating a concession about the nature of the minor Kelley's known background and proclivity so far as the placement center was involved, as well as the character of his sexual offense in the foster home. Had the district court exercised its discretion by electing to proceed, we doubt that this would have constituted "gratuitous interference with the orderly and comprehensive disposition of state court litigation" as in *Grand Trunk*, 746 F.2d at 326 (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)).

*Id.* at 968. In the present case, however, the underlying facts and liability issues remain hotly disputed in state court, such that "interference" by the federal court is a strong likelihood.

Plaintiff's reliance on *West American Ins. Co. v. Prewitt*, 208 Fed. Appx. 393 (6th Cir. 2006) is likewise misplaced. In *Prewitt*, the applicability of a policy exclusion turned on whether a sailboat was "used by or in the care of " Prewitt at the time of the accident. *Id*. at 397. That factual question was not before the state court, where the issue was whether Prewitt negligently operated the boat. The *Prewitt* court distinguished *Bituminous Casualty Coal Corp. v. J&L Lumber Co.*, 373 F.3d 807 (6th Cir. 2004), as relying "heavily on there being a state court already considering the same issue." Likewise, the coverage issue in Plaintiff's case of *Nationwide Mutual Fire Ins. Co. v. Creech*, 431 F. Supp.2d 710 (E.D. Ky. 2006) turned on whether a dog was licensed and not on any of the facts in the state court personal injury action arising from the dog's attack.

In the present case, Plaintiff cannot deny that the factual and legal issues regarding Lammers' conduct are being litigated in state court in six separate actions, four of which were filed

in 2004 and two of which were filed in 2005. As Plaintiff acknowledges, its declaratory judgment action seeking a denial of coverage parrots the state court complaints. Thus, the same facts presented to this Court are being litigated in state court. While the legal issue of insurance coverage is not before the state courts, the same underlying factual and legal issues regarding Lammers' conduct control the question of coverage and duty to defend in this court. Thus, both state and federal courts would be deciding the nature of Lammers' conduct, with the clear possibility of interference with state court proceedings by the federal court. Merely because Plaintiff selected the parties in this federal court action so that they are in agreement regarding these facts does not mean that this Court has nothing to decide. Before it can conclude that coverage is precluded by one or more policy exclusions, this Court must decide the nature of Lammers' conduct toward each of the State Court Plaintiffs – the same issues that already are being decided by the state courts.

>As the Sixth Circuit said in *Bituminous*:

>We have repeatedly held in insurance coverage diversity cases that "declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 463 (6th Cir. 1986). Further, "[s]uch actions ... should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem.

*Id.* at 812. Just as the federal court in *Bituminous* had to make a determination on summary judgment motions whether Shields was an employee, so would this court be required on summary judgment motions to determine whether Lammers engaged in the unauthorized practice of medicine. As in *Bituminous*, the issue of Lammers' conduct and the interpretation of the insurance contract are questions of state law which the state courts are better able to resolve. *Id.* at 815. There is no question of federal common law or federal statutory law involved. *Id.* at 816. There is an alternative remedy in state court that is better. "Given that the issues presented involve questions of state law only, the state court is also in a superior position to resolve the case." *Id.*

As in *Bituminous*, "[a]ny resolution that could be achieved by the declaratory judgment would come at the cost of increasing the friction between state and federal courts." *Id.* at 817. In *Bituminous*, the Sixth Circuit held it was inappropriate for the federal court to have exercised jurisdiction over the declaratory judgment action. Accordingly, the judgment was vacated and remanded with instructions to dismiss the complaint. There is no significant distinction between *Bituminous* and the present case.

The Sixth Circuit reached the same result in *Allstate Ins. Co. v. Mercier*, 913 F.2d 273 (6th Cir. 1990) *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995) ("the policy exclusions can be applied only in light of factual determinations that have not been made") and *Omaha Property and Casualty Ins. Co. v. Johnson*, 923 F.2d 446, 448 (6th Cir. 1990) (coverage issue and state court action both turned on whether minor had a reasonable belief of his right to use the vehicle). District courts have likewise declined jurisdiction where the underlying factual issues are being litigated in state court. *State Farm Fire & Casualty Co. v. Wiseman*, 2007 WL 10075663 at *2 (E.D. Ky. 2007) ("[T]his Court cannot completely settle the question of coverage without encroaching on an issue that is also before the state court. This factor therefore weighs against exercising jurisdiction"); *Jordan Ice Co. v. Grange Mutual Casualty Co*, 2006 WL 3497767 at *4 (E.D. Ky. 2006) (dismissing declaratory judgment action because it and state court tort action are necessarily intertwined); *Progressive Max Inc. Co. v. Ross*, 2007 WL 608372 at *4 (E.D. Ky. 2007) (dismissing declaratory judgment action where the factual issues in the underlying state action would be critical to determination of the coverage issue); *Bituminous Casualty Corp. v. Combs Contracting, Inc.,* 236 F. Supp.2d 737, 745 (E.D. Ky. 2002) ("The Sixth Circuit has repeatedly held that when a state court action is pending, that court is 'in a better position than a federal district court to decide an insurance declaratory judgment action that involves underlying factual issues'").

4

Plaintiff argues that it will be more efficient for it to litigate coverage in one federal court action rather than several state court actions. However, efficiency and convenience for one or more parties cannot override federalism concerns.

For all the reasons expressed in this Court's April 27, 2007 Opinion and Order [DE #25] and for the additional reasons stated above, this Court declines to exercise jurisdiction in this action.

**IT IS ORDERED** that Plaintiff's motion to reconsider [DE #26] and supplemental response in support [DE #28] are **DENIED.**

This July 18, 2007.

**Signed By:**

*Karl S. Forester* KSF

**United States Senior Judge**